IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BULGART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-13306 |
| v. | ) |
| | ) Hon. Jeremy C. Daniel |
| **Prime Time Window Cleaning, Inc.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S FRCP 12(b)(6) MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes Defendant, Prime Time Window Cleaning, Inc. ("Prime Time" or "Defendant"), by and through its attorneys Adler Law Group, and moves this Court to dismiss the First Amended Complaint of Plaintiff, Barbara Bulgart ("Plaintiff"), filed on May 1, 2025 (Dkt. No. 36) ("FAC"). In support thereof, Defendant states as follows:

1. Plaintiff purportedly seeks to represent a nationwide class of plaintiffs as a result of what she alleges are three violations of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, and the corresponding regulations implementing the TCPA found in 47 C.F.R. Part 64.

2. The three count FAC seeks to establish a class for violation of (1) 47 USC 227(c), and 47 CFR section 64, 1200(d), (2) 47 USC section 227(b), and (3) 47 USC 227(c) and 64.1200(c).

3. As described in detail in the attached Memorandum of Law, Plaintiff alleges only a handful of objective facts describing a distinctive situation, unique to her, and not representative of a discernable class, while populating the substance of each of the alleged counts with "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

4. Plaintiff's expanded class allegations and claim that voicemails were 'clearly prerecorded' remain conclusory and speculative for each cause of action, and fail to identify any alleged facts that would support the claim asserted.

5. Plaintiff 's generic and formulaic recitation of the elements of each cause of action fail to identify any alleged facts that would support the claims asserted.

WHEREFORE, Defendant respectfully moves this Court to Dismiss Plaintiff's FAC, and each individual count, with prejudice.

Dated:  May 13, 2025                                                                 Respectfully submitted,

/s/ David M. Adler
David M. Adler, Esq.
ILL Bar No. 6242403
Adler Law Group
320 W. Ohio St., Suite 3W
Chicago, IL 60654
Phone: (866) 734-2568
Email: David@adler-law.com
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, I electronically filed the DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FAC and MEMORANDUM OF LAW with the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: Plaintiff, Barbara Bulgart.

/s/ David M. Adler
David M. Adler, Esq.
ILL Bar No. 6242403
Adler Law Group
320 W. Ohio St., Suite 3W
Chicago, IL 60654
Phone: (866) 734-2568
Email: David@adler-law.com
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BARBARA BULGART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-13306 |
| v. | ) |
| | ) Hon. Jeremy C. Daniel |
| **Prime Time Window Cleaning, Inc.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS FRCP 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

As alleged in Plaintiff's First Amended Complaint, Plaintiff purportedly seeks to represent a nationwide class of plaintiffs as a result of what she alleges are three violations of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, and the corresponding regulations implementing the TCPA found in 47 C.F.R. Part 64. Plaintiff alleges receipt of multiple voicemails and possible text messages, and claims these messages were prerecorded based on tone and cadence. The three count complaint seeks to establish a "nationwide class" for violation of (1) 47 USC 227(c), and 47 CFR section 64, 1200(d), (2) 47 USC section 227(b), and (3) 47 USC 227(c) and 64.1200(c). As explained in the attached memorandum of law, all claims in Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. At best, Plaintiff alleges only a handful of objective facts describing a distinctive situation, unique to her and not representative of a discernable class, while populating the substance of each of the alleged counts with "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Plaintiff's own allegations invite inferences that contradict basic elements of the cause of action. Plaintiff's expanded class allegations and claim

1

that voicemails were 'clearly prerecorded' remain conclusory and speculative for each cause of action, and fail to identify any alleged facts that would support the claim asserted.

## ARGUMENT

The purpose of a Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits. *Gibson* v. *City of Chi.*, 910 F.2d 1510, 1520 (7th Cir.1990). When deciding a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in Plaintiff's favor. *Killingsworth* v. *Hsbc Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C.* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins* v. *City of Chi.*, 631 F.3d 823, 832 (7th Cir.2011); cf. *Scott* v. *City of Chi.*, 195 F.3d 950, 952 (7th Cir.1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). Plaintiff's expanded class allegations and claim that voicemails were 'clearly prerecorded' remain conclusory and speculative for each cause of action, fail to identify any alleged facts that would support the claims asserted, and do not provide defendant fair notice of the claim and the grounds upon which it rests.

2

### A. Plaintiff Fails to State a Claim for Violation of 47 USC 227C, and 47 CFR section 64, 1200(d).

This claim addresses telemarketing calls violating Do-Not-Call (DNC) rules. Specifically, 47 C.F.R. § 64.1200(d) requires telemarketers to maintain internal DNC lists and honor opt-out requests. While a private right of action exists under §227(c)(5), courts are split on whether §64.1200(d) was enacted under §227(c) (private action allowed), or §227(d) (no private action). Notably, while the Seventh Circuit has not explicitly ruled on whether private suits for violations of 47 C.F.R. §64.1200(d) are permissible under 47 U.S.C. § 227(c), district courts within the Seventh Circuit have largely followed the view that §64.1200(d) was promulgated under §227(d), **which does not provide a private right of action**. (Emphasis added). See *Jo Ann Sorsby* v. *Truegreen Limited Partnership, et al*, No. 1:2020cv02601 - Document 115 (N.D. Ill. 2023) (Court struck class certification allegations under 47 U.S.C. §227(c)(5) alleging violation of the National Do-Not-Call Registry ("NDNC"), and under 47 C.F.R. §64.1200(d)(3) alleging violation of the Defendant's internal Do-Not-Call ("IDNC") list, finding allegations inadequate and atypical because plaintiff was subject to a substantial defense unique to her.) Similarly, in *Cunningham* v. *Britereal Mgmt.*, No. 4:20-cv-144-SDJ-KPJ, (E.D. Tex. Nov. 20, 2020), the Eastern District of Texas held that calls placed to a cellular telephone do not qualify as calls to a residential telephone subscriber for purposes of §227(c) of the TCPA. *See also*, *Gaker* v. *Q3M Insurance Solutions et al.*, No. 3:22-CV-00296-RJC-DSC, slip op. (W.D.N.C. 2023), where the Western District of North Carolina dismissed a TCPA case for failing to state a claim under 47 U.S.C. §227(c), holding that the plaintiff's cell phone was not considered a residential telephone. In doing so, the court applied the Eleventh Circuit decision in *Salcedo* v. *Hanna*, 936 F.3d 1162 (11th Cir. 2019), which held that the findings in the TCPA show a concern for privacy within the sanctity of the home, and cell phones present less potential for home intrusion. Since Plaintiff has alleged that the only relevant telephone number is 847-345-XXXX, a cellular telephone, Plaintiff has not stated a claim for a private right of action under §64.1200(d) promulgated under §227(d).

Plaintiff fails to allege any facts from which to infer Willful or Knowing conduct. In fact, the First Amended Complaint itself references Defendant's attempts to resolve Plaintiff's concerns and remove her from the system. Any continued calls could plausibly be due to a technical error rather than intent. Nor has Plaintiff indicated how the alleged Google review is a method of revocation of consent.

### B. Plaintiff Fails to State a Claim for Violation of 47 USC Section 227(b).

The relevant portion of the TCPA provides that:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

>(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system or an artificial or prerecorded voice* . . .
>
>>(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1) (emphasis added). The Act further defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* §227(a)(1). In other words, one of the essential elements of a claim under the TCPA is that the caller used an ATDS or an artificial or prerecorded voice to call the plaintiff. *Id.* §227(b)(1).

In the present case, Plaintiff's TCPA claim lacks any factual merit whatsoever. Plaintiff's four allegations for Count II (Cmplt. ¶66-68) are comprised solely of generic recitations of the cause of action. For example, in Paragraph 67, Plaintiff now claims "[t]he foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the

4

Class delivering pre-recorded messages." (Cmplt., ¶67). Simply reciting the elements of a cause of action is not sufficient to state a claim and, therefore, this claim must be dismissed.

C. **Plaintiff Fails to State a Claim for Violation of 47 USC 227(c) and 64.1200(c)**

i. **Plaintiff Fails To Allege Use Of An ATDS**

Plaintiff's First Amended Complaint does not plead sufficient facts alleging that Defendant used an ATDS in violation of the TCPA. Defendant also argues that even if Plaintiff adequately alleged use of an ATDS, calls placed by Defendant are exempt from liability because Defendant had prior express consent and fall within the Safe Harbor of the TCPA under 47 64.1200(c)(2)(i).

Plaintiff does not allege sufficient facts to sustain a claim that Defendant used an ATDS to call her. Simply alleging that Defendant used an ATDS, with no additional details about the system and how Plaintiff can tell that the calls were placed by an ATDS, is not enough to survive a Rule 12(b)(6) motion to dismiss. Instead, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C.* v. *Concentra*, 496 F.3d at 776, (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft* v. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Dismissal is proper under 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a 12(b)(6) motion, the Court must accept as true all of Plaintiffs' well-pleaded fact allegations and draw all reasonable inferences in Plaintiffs' favor. *Killingsworth* v. *HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

However, "[t]o survive a motion to dismiss, the well-pleaded facts … must allow the court to infer more than the mere possibility of misconduct." *Langworthy* v. *Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009)(emphasis added) (citing *McCauley* v. *City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Evaluating whether a "claim is sufficiently plausible to survive a motion

5

to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Id.* (quoting *McCauley*, 671 F.3d at 616). The Seventh Circuit clarified the definition of an ATDS in *Gadelhak* v. *AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020). The *Gadelhak* decision raised the standard for pleading the use of an ATDS in a TCPA claim. See, *Gadelhak*, 950 F.3d 458, 364-65 (7th Cir. 2020); *Perez* v. *Quicken Loans, Inc.*, 2020 WL 1491145 at *2 (N.D. Ill. March 27, 2020, slip opinion) (citing *ACA Int'l* v. *FCC*, 885 F.3d 687, 703 (D.C. Cir. 2018)). Where the alleged facts pertaining to the alleged use of an ATDS are "too thin" to sustain a claim, the pleading must be dismissed. *Perez*, 2020 WL 1491145 at *3. Other courts and cases within the 7th Circuit have recognized that certain ATDS claims, which may have previously been viable, are now "foreclosed by *Gadelhak*." *Jackson* v. *Regions Bank*, 2020 WL 2949777 at *3 (S.D. Ind. June 3, 2020, slip opinion).

Here, the Plaintiff does not allege any facts to support an inference that Defendant called the Plaintiff with an ATDS. Instead, the Plaintiff merely applies "labels and conclusions" and a recitation of TCPA statutory requirements that are insufficient under Iqbal and Twombly as cited above. The allegations of paragraphs 30, and 70-76 of the First Amended Complaint simply declare, without any further alleged supporting facts to establish any sort of foundation, that Defendant "Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members allegedly received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200." (Complt, ¶75, [Dkt. #1].) The only allegation that resembles a fact, is plaintiff's baseless assertion that Defendant "The voicemails left for Plaintiff on at least these two occasions, on or about September 26, 2024, and on or about October 11, 2024, were clearly pre-recorded because (a) the recordings are identical in tone, voice, and cadence; (b) the robot has a mono-tone voice; and (c) the voicemail abruptly cuts off at the end[.]" (Cmplt, ¶ 30 [Dkt. #1].)

To the extent that Plaintiff alleges that Defendant multiple calls is not dispositive of the question of whether the equipment is an ATDS. As further explained below, this is because the

6

definition of an ATDS turns on whether the equipment can randomly or sequentially generates numbers, not the number how many calls it can place in a given timeframe (or any other characteristic). "Sequential numbers" refers to how the numbers are generated (e.g., 111-1111, 111-1112, etc.), not how they are dialed. See, *Hagood* v. *Portfolio Recovery Associates, LLC*, 2020 WL 1308388 at *4 (S.D. Ill. March 19, 2020, slip opinion) (citing *Dominguez* v. *Yahoo, Inc.*, 629 F. App'x 69, 372 (3d Cir. 2015); *Griffith* v. *Consumer Portfolio Serv.*, Inc., 838 F. Supp. 2d 723, 725 (N.D. Ill. 2011); and *Gadelhak*, 950 F.3d at 460). Dialing from a pre-programmed list is not equivalent to a "sequential number generator." *Id.* See Also, *Watts* v. *Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 WL 2529613, at *3, *6 (N.D. Ill. June 21, 2021) (Allegations that Defendant's dialing equipment "is capable of contacting thousands of people a day," "stores numbers . . . of persons who have not given their express written consent to be called or who have since withdrawn their consent," and is used to call "Plaintiff and others continually and at all hours of the day and night" did not support an inference that defendant used an ATDS.)

Furthermore, the allegations that Plaintiff allegedly received multiple calls supports the inference that Defendant called from a pre-determined list, not from an ATDS. *Gadelhak*, 950 F.3d at 460 (plaintiff received five separate texts from AT&T customer service even though he was on a national "do not call" registry); see also, *Perez*, 2020 WL 1491145 at *2 (multiple calls "may indicate an effort to target the plaintiff, rather than to randomly or sequentially contact her."). Like the plaintiff in *Watts*, Plaintiff's bare allegations are insufficient to state a claim.

To the extent that Plaintiff relies on the case of *Rahn* v. *Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171 at 10-11 (N.D. Ga. June 23, 2016), the case is distinguishable on a key fact. On review of the Partial Objection to the Non-Final Report and Recommendation ("R&R") of the Magistrate Judge (Docket 18), the Court's decision rested on the ATDS allegations: "By adequately pleading that BANA used an ATDS, Rahn's Amended Complaint satisfies 4 7 U.S. C. §

227(b)(1) regardless of whether BANA used an artificial or prerecorded voice." *Rahn* No. 1:15-CV-4485-ODE-JSA, Docket 20, page 8.

### ii. Defendant's Calls Fall Within The 47 C.F.R. § 64.1200(c)(2)(i) Safe Harbor.

The regulations that created the national do-not-call registry provide telemarketers with safe harbor from liability if they can demonstrate that (i) their "violation [wa]s the result of error and that as part of its routine business practice, it" met certain standards for complying with the national do-not-call rules, (ii) it obtained the subscriber's consent prior to calling, or (iii) the telemarketer had a personal relationship with the recipient of the call. 47 C.F.R. § 64.1200(c)(2)(i)-(iii). *George Moore* v. *Nicole Hupp* And Associates, LLC, No. 23-cv-4334, 2023 WL 7166555 (ND Ill. Oct. 31, 2023).

Plaintiff has not alleged any facts that support an inference that Defendant failed to comply with the safe harbor requirements beyond bare rection of the requirements of the rule. Paragraphs 70-74 of the First Amended Complaint are comprised solely of generic recitations of the elements of a cause of action. Further undermining Plaintiff's position is the generic allegation in Paragraph 75 that "Plaintiff and DNC Class members allegedly received more than one text message in a 12-month period from Defendant." (Emphasis Added) The FAC now alleges receipt of text messages, without factual support such as content or timing. If anything, Plaintiff's allegations Paragraph 36 support the reasonable inference that Defendant does indeed have a Policy and that Defendant does honor opt-out requests. The First Amended Complaint is nothing more than a cut-and-paste job, hastily assembled, and filed for the sole purpose of extracting unreasonable capitulations from small businesses.

Defendant contends that it had prior express consent of the recipient. To the extent Plaintiff alleges receiving two specific telephone calls, Paintiff also states that these calls went unanswered. In which case, Plaintiff could not have communicated revocation of consent. Therefore, it is unreasonable to infer that Defendant failed to comply with the Do Not Call safe harbor requirements.

8

## CONCLUSION

For the reasons set forth above, Prime Time respectfully requests that this Court dismiss Plaintiff's Complaint.

Dated: May 13, 2025

Respectfully submitted,

/s/ David M. Adler
David M. Adler, Esq.
ILL Bar No. 6242403
Adler Law Group
320 W. Ohio St., Suite 3w
Chicago, IL 60654
Phone: (866) 734-2568
Email: David@adler-law.com
*Attorney for Defendant*