IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BULGART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-13306 |
| v. | ) |
| | ) Hon. Jeremy C. Daniel |
| **PRIME TIME WINDOW CLEANING, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Plaintiff Barbara Bulgart and Defendant Prime Time Window Cleaning, Inc. (together, "the Parties") submit the following Joint Initial Status Report and discovery plan:

**I.      NATURE OF THE CASE**

  **A.      Attorneys of record for each party:**

*For Plaintiff:*

Anthony Paronich (Lead Trial Attorney)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 508-221-1510
anthony@paronichlaw.com

Cassandra P. Miller
Samuel J. Strauss
Andrew G. Gunem
Strauss Borrelli PLLC
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
T: 872-263-1100
F: 872-263-1109
cmiller@straussborrelli.com

*For Defendant:*

David M. Adler (Lead Trial Attorney)
ILL Bar No. 6242403
Adler Law Group
320 W. Ohio St., Suite 3W
Chicago, IL 60654
T: (866) 734-2568
David@adler-law.com

1

sam@straussborrelli.com
agunem@straussborrelli.com

### B. Nature of the Claims

Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, for Defendant's alleged unlawful telemarketing practices, including calling individuals on the National Do Not Call Registry, continuing to call individuals who opted out, and using pre-recorded voice messages without consent.

Defendant disputes the sufficiency of Plaintiff's allegations for 1) Violation of 47 USC 227C, and 47 CFR section 64, 1200(d), 2) Violation of 47 USC Section 227(b), and 3) Violation of 47 USC 227(c) and 64.1200(c). Defendant disputes the sufficiency of Plaintiff's class allegations and asserts that Plaintiff fails to satisfy Rule 23(a) prerequisites for numerosity, commonality, or typicality.

Defendant intends to assert the following defenses: 1) Plaintiff provided prior express consent; 2) Plaintiff's contact information was obtained through a third-party (Angi) which sells the same information to multiple third-parties, and to whom Plaintiff provided prior express consent; 3) Plaintiff fails to demonstrate that the relevant calls originated exclusively from Defendant; 4) Defendant maintains an internal Do-Not-Call list, adheres to TCPA compliance standards, and maintains compliance with Do-Not-Call Requests; 5) Plaintiff never revoked her consent; 6) Plaintiff failed to properly revoke her consent; Laches, and 6) Unclean Hands: Plaintiff's public complaints suggest an opportunistic lawsuit.

### C. Major Legal and Factual Issues

- Whether Defendant made the challenged calls to Plaintiff and putative class members;
- Whether the calls used prerecorded voice messages;

2

- Whether the calls were made to individuals on the National Do Not Call Registry;

- Whether Plaintiff and others revoked consent and whether such revocation was honored;

- Whether Defendant maintained proper TCPA compliance procedures;

- Whether statutory damages or injunctive relief are warranted;

- Whether Plaintiff provided prior express consent

- Whether Plaintiff's contact information was obtained through a third-party to whom Plaintiff provided prior express consent;

- Whether the relevant calls originated exclusively from Defendant, and

- Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the do-not-call registry. See 47 U.S.C. § 227(c)(5).

### D. Relief Sought

Plaintiff seeks statutory damages under the TCPA, 47 U.S.C. § 227, and to certify three classes: (1) an Internal Do Not Call Class, (2) a Do Not Call Class, and (3) a Robocall Class.

Defendant seeks dismissal of all claims with prejudice.

### E. Relief Sought

Plaintiff seeks statutory damages for herself and the proposed classes under the TCPA and injunctive relief requiring Defendant to implement compliant calling practices.

### F. Jurisdiction:

Plaintiff asserts that under 28 U.S.C. § 1331, this Court has federal question subject matter jurisdiction because this action arises under the TCPA, 47 U.S.C. § 227.

Defendant asserts that Plaintiff fails to satisfy Rule 23(a).

### G. Status of Service:

Defendant has been served. Service is not pending for any other party.

H.  **Pending and Anticipated Motions**

**Pending**: Defendant's Motion to Dismiss the First Amended Complaint under Rule 12(b)(6) (Dkt. 12).

**Anticipated**: Plaintiff anticipates filing a Motion for Class Certification and, following class certification, the Parties may file cross-motions for summary judgment.

I.  **Additional Parties**

Defendant anticipates filing a third-party claim against the third party Angi.

II. **CASE SCHEDULING AND DISCOVERY PLAN**

A.  **Discovery Plan**

Discovery will be exchanged electronically when possible, and discovery may be served and responded to via email to counsel of record and legal staff. All productions will be Bates-stamped.

The Parties will continue to meet and confer regarding an ESI protocol and may adopt the Court's Model ESI Agreement with appropriate modifications.

B.  **Anticipated Discovery**

Plaintiff anticipates seeking written and oral discovery from parties and non-parties regarding:

- ESI related to the challenged telemarketing calls and lead generation;
- Consent and opt-out communications;
- Dialing systems and prerecorded message use;
- Defendant's telemarketing policies, training, and TCPA compliance efforts;
- Third-party vendor relationships;
- Customer complaints and internal responses;

- Class-certification discovery:
    - Numerosity: Size and identification of the putative class.
    - Commonality/typicality: Uniformity of TCPA violations.
    - Adequacy: Plaintiff's ability to represent the class.

### C. Privilege Issues

The Parties do not anticipate complex privilege issues. Privilege logs will be provided where appropriate. The Parties agree to follow Fed. R. Evid. 502 for inadvertent disclosures.

### D. Proposed Case Schedule

| Event | Deadline |
|---|---|
| Initial Rule 26(a)(1) Disclosures | July 9, 2025 |
| Deadline to Amend Pleadings[1] | October 13, 2025 |
| Plaintiff's Class Certification Motion and Expert Disclosures | March 19, 2026 |
| Defendant's Opposition and Expert Disclosures | May 18, 2026 |
| Plaintiff's Reply in Support of Class Certification | July 17, 2026 |
| Daubert Motions re: Class Certification Experts | August 31, 2026 |
| Hearing on Class Certification and Daubert Motions | To be set by Court |
| Deadline for Dispositive Motions | To be set 30 days after class cert ruling |
| Discovery Cutoff | To be set 30 days after class cert ruling |

### E. Trial

- Jury trial requested.

---

[1] Plaintiff reserves the right to seek leave to amend the pleadings, including to add or substitute class representatives, as warranted based on the Court's rulings or facts revealed during discovery

5

- If certified as a class action, trial is expected to last 5–7 days; otherwise, 1–2 days.

### F. Protective Order

The Parties will follow the assigned magistrate judge's procedures and intend to submit a proposed protective order consistent with the Court's Model Confidentiality Order.

### G. Model Protocol for Discovery of ESI:

The Parties will continue to meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement with potential modifications.

## III. CONSENT AND SETTLEMENT DISCUSSIONS

### A. Magistrate Judge Jurisdiction

The Parties have discussed consenting to the jurisdiction of a magistrate judge but do not unanimously consent at this time.

### B. Settlement Discussions

Plaintiff intends to conduct discovery necessary to assess class size and damages. The Parties agree that private mediation may be beneficial after initial discovery has been exchanged. Furthermore, in response to the below, Plaintiff's only interest remains on a class resolution, which undisputedly requires discovery. A premature settlement conference will not benefit both parties. Instead, when both parties are ready to proceed with such a conference, they can (and will) contact the Magistrate Judge's chambers to schedule the same.

Defendant has made two separate written offers to engage in settlement discussion, including an offer on April 15, 2025, to settle this case for a payment to Plaintiff. Defendant's offers have been rejected and Plaintiff has not made a counter offer nor agreed to engage in settlement discussions.

Settlement Conference: Defendant believes that a settlement conference would be highly productive in resolving many of the contested issues in this case and requests this court schedule a settlement conference at earliest practicable date for all parties.

## IV. OTHER MATTERS

At this time, the Parties do not have any additional matters to raise with the Court.

Date: June 30, 2025

        Respectfully submitted,

        By: /s/ *Cassandra P. Miller*

        Cassandra P. Miller
        Samuel J. Strauss
        Andrew G. Gunem*
        **Strauss Borrelli PLLC**
        980 N Michigan Ave.
        Suite 1610
        Chicago, IL 60611
        T: 872-263-1100
        F: 872-263-1109
        cmiller@straussborrelli.com
        sam@straussborrelli.com
        agunem@straussborrelli.com

        Anthony Paronich
        **Paronich Law, P.C.**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        T: 508-221-1510
        anthony@paronichlaw.com

        *Attorneys for Plaintiff and the Proposed Class*

Date: June 30, 2025

        Respectfully submitted,

        By: /s/ *David M. Adler*
        David M. Adler
        ILL Bar No. 6242403
        **Adler Law Group**
        320 W. Ohio St., Suite 3W
        Chicago, IL 60654
        T: (866) 734-2568
        david@adler-law.com

        *Attorney for Defendant*