UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA BULGART, *individually and on behalf of all others similarly situated*, <br>    Plaintiff <br><br> v. <br><br> PRIME TIME WINDOW CLEANING, INC., <br>    Defendant | No. 24 CV 13306 <br><br> Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion to dismiss [12] is denied. The defendant shall answer the first amended complaint on or before July 31, 2025.

**STATEMENT**

This matter comes before the Court on the defendant's, Prime Time Window Cleaning, Inc., motion to dismiss the plaintiff's, Barbara Bulgart, putative class action under the Telephone Consumer Protection Act ("TCPA"). (R. 12.)[1] The plaintiff seeks to represent three distinct classes of individuals who received telemarketing calls from the defendant in violation of the TCPA. (R. 10 ¶ 43.) According to the plaintiff, she has never been a customer of the defendant. (*Id.* ¶ 22.)[2] She lists her phone number on the Do-Not-Call Registry. (*Id.* ¶ 14.) Yet, over a twelve-month period, she received many phone calls from the defendant, some of which delivered prerecorded messages. (*Id.* ¶¶ 26, 28–30.) She repeatedly requested the defendant stop calling her, but the calls continued. (*Id.* ¶¶ 24–26.) In an effort to stop the calls, the plaintiff left a negative review on the defendant's Google Maps profile; the defendant responded, acknowledging her complaint and stating that it would stop calling. (*Id.* ¶ 36.) Nevertheless, the calls continued. (*Id.* ¶ 38.) The plaintiff next submitted a complaint to the Better Business Bureau ("BBB"). (*Id.* ¶ 39.) During this process, the plaintiff saw Google reviews and BBB complaints from other individuals receiving repeated, unwanted calls from the defendant. (*Id.* ¶¶ 40–41.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] This description of the events underlying the plaintiffs' claims is drawn from the complaint and is presumed true for the purpose of resolving the pending motion. *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

The plaintiff brings three claims under the TCPA, congruent with her three putative classes. First, she alleges that the defendant failed to honor requests from those who stated they did not wish to be contacted by the defendant, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) (Count I and the "IDNC Class"). (*Id.* ¶¶ 43, 54–70.) Second, she alleges that the defendant placed calls using artificial or prerecorded voices in violation of 47 U.S.C. § 227(b) (Count II and the "Robocall Class"). (*Id.* ¶¶ 43, 71–74.) Third, she alleges that the defendant called those who listed their numbers on the national Do-Not-Call Registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) (Count III and the "DNC Class"). (*Id.* ¶¶ 43, 75–81.)

The defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (R. 12.) The plaintiff filed a timely response. (R. 14.) The defendant did not file a reply.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raises the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003).

The defendant argues that the plaintiff fails to state a claim under § 227(b) because she merely recites a bare-bones listing of the elements of the cause of action. (R. 12 at 7.) The Court disagrees. Section 227(b) forbids "mak[ing] any call . . . using any automatic telephone dialing system [("ATDS")] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The complaint alleges that the defendant placed several calls to the plaintiff, leaving voicemails that were "clearly pre-recorded because (a) the recordings are identical in tone, voice, and cadence; (b) the robot has a mono-tone voice; (c) the message was impersonal and did not identify Plaintiff or any specific recipient and (d) the voicemail abruptly cuts off at the end." (R. 10 ¶ 34.) The facts alleged by the plaintiff suffice to state a claim under this statute.

Next, the defendant moves to dismiss the plaintiff's § 227(c) claims on two grounds. First, the defendant argues that 47 C.F.R. § 64.1200(d), the regulation which it is accused of violating, was promulgated under § 227(d), not §227(c). (R. 12 at 6.) Because § 227(d) does not contain a private right of action, the defendant argues the plaintiff cannot sue it for failing to comply with § 64.1200(d). (*Id.*) Second, the defendant argues that the plaintiff fails to allege a violation of § 64.1200(d).

2

Starting with whether § 64.1200(d) was promulgated under a statutory provision containing a private right of action, the defendant has not convinced the Court there is no private right of action here. The defendant argues that "district courts within the Seventh Circuit have largely followed the view that § 64.1200(d) was promulgated under § 227(d), which does not provide a private right of action," but utterly fails to support this proposition with on-point caselaw. (R. 12 at 6 (emphasis removed).) The defendant cites only one case from within the Seventh Circuit, an unreported case from this district striking class allegations due to the purported class representative's unsuitability as a class representative. *Jo Ann Sorsby v. Truegreen Ltd. P'ship, et al*, No. 20 C 2601, 2023 WL 130505, at *1 (N.D. Ill. Jan. 9, 2023). The remaining cases cited by the defendant are unreported out-of-circuit decisions addressing whether calls to cell phones are within the ambit of § 64.1200(d). *Cunningham v. Britereal Mgmt., Inc.*, No. 4:20 C 144, 2020 WL 7391693, at *6–7 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020); *Gaker v. Q3M Ins. Sols.*, No. 3:22 C 296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023). This may have been a productive argument for the defendant to make, but it did not do so.[3] "It is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Vertex refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 374 F. Supp. 3d 754, 765 (N.D. Ill. 2019) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996), *amended* (Mar. 28, 1996)). On a motion to dismiss, the defendant must convince the Court it is entitled to dismissal. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Here the Court is not convinced there is no private right of action under § 64.1200(d).

Last, the defendant argues that the plaintiff's claims under § 227(c) should be dismissed because she fails to plead that it used an ATDS to place the calls. (R. 12 at 8.) The Seventh Circuit has clarified that an ATDS must either randomly or sequentially generate telephone numbers to be called—a machine which calls numbers off a list (such as a customer database) does not qualify as an ATDS. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. 2020). According to the defendant, the complaint contains no "facts to support an inference that [it] called the [p]laintiff with an ATDS." (R. 12 at 9.) But, as the plaintiff correctly points out, claims under § 227(c) do not require use of an ATDS. (R. 14 at 13.) The statutory provision directs the Federal Communications Commission to promulgate regulations protecting Americans from unwanted telephone solicitations, which it did at, *inter alia,* 47 C.F.R. § 64.1200(d). 47 U.S.C. § 227(c). This promulgated regulation forbids making phone calls using either an ATDS or an "artificial or prerecorded voice" unless

---

[3] Of course, a court may consider a dispositive issue on its own initiative and is not obligated to let an obviously flawed case proceed simply because a defendant did not squarely address the fatal flaw. *See Bernacchi v. First Chicago Ins. Co.*, 52 F.4th 324, 328 (7th Cir. 2022). This is not that. The plaintiff identified a long list of cases finding that calls to cell phones can give rise to a claim under the TCPA. (R. 14 at 8 n.2.) This is sufficient to persuade the Court that this is a live issue on which the defendant had to put forth a winning argument if it wanted the Court to dismiss the plaintiff's claims on this ground.

3

the caller has established certain procedures for maintaining a list of those who "request not to receive such calls." 47 C.F.R. § 64.1200(d). The plaintiff alleges that the defendant placed several calls to her using a prerecorded voice, and persisted in calling her even after she requested it cease doing so. (R. 10 ¶¶ 24–36.) These are adequate allegations to state a claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)—based on the facts alleged, the Court can draw the reasonable inference that the defendant lacks the required procedures to track and honor the plaintiff's do-not-call request.

Date: July 9, 2025

_____
JEREMY C. DANIEL
United States District Judge

4