IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BULGART** ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. 1:24-cv-13306 | |
| v. ) | |
| ) Hon. Jeremy C. Daniel | |
| **PRIME TIME WINDOW CLEANING, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO COMPEL THE
PRODUCTION OF DOCUMENTS FROM DEFENDANT**

**INTRODUCTION**

Plaintiff moves under Rules 26 and 37 on a simple proposition: establishing a date when the Defendant will complete its production so the parties may understand the universe of any remaining discovery disputes. Defendant has conceded relevance but failed to meet its obligations under Rule 34 and has engaged in repeated delay tactics that have left Plaintiff unable to prepare class and merits discovery or evaluate mediation.

**BACKGROUND**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant, directly or through third parties, initiated telemarketing calls using pre-recorded messages. Plaintiff alleges she had no relationship with Defendant and did not consent to receive telemarketing calls. See ECF No. 1, Complaint. Consistent with Rule 26(f), the parties conferred and commenced discovery on both merits and class issues. Defendant's responses confirmed the existence of relevant documents and promised

1

production. In an August 28, 2025 email, Defendant acknowledged responsive documents and promised to complete production "within the next two weeks." On September 11, 2025, Defendant admitted further delays due to "busy season." Plaintiff advised Defendant that a motion would be filed if the production was not completed by week's end. Defendant did not comply.

## MEET AND CONFER EFFORTS

Pursuant to L.R. 37.2 and Fed. R. Civ. P. 37(a)(1), counsel conferred in good faith by email and telephone on August 13 and 20, 2025. The parties also conferred via video conference on September 30, 2025. Participants included Anthony Paronich for Plaintiff and David Adler for Defendant.

## ARGUMENT

**I.    The Court Should Order a Date for the Defendant to Complete its Production.**

There is no dispute that Plaintiff has sought what Defendant must (and already has) conceded is relevant information. Plaintiff is simply attempting to secure the documents Defendant promised but has failed to deliver. Responses to interrogatories and requests for production are due within 30 days after service. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(a)(2). When a party fails to make disclosures within 30 days, or fails to cooperate in discovery, the party seeking discovery "may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B); see also *Hartford Accident & Indem. Co., Prop. & Cas. Ins. of Hartford v. Greater Lakes Ambulatory Surgery Ctr., LLC*, Case No. 18-13579, 2023 U.S. Dist. LEXIS 234814, *5 (E.D. Mi. Dec. 6, 2023).

Here, Defendant has not complied with Rule 34(b)(2)(B), which requires it to produce documents with its response or within "another reasonable time specified in the response."

Defendant has failed to specify any reasonable time, instead offering shifting. On August 28, it promised completion "within the next two weeks," on September 11 it cited "busy season," and on September 22 it again was unable to provide a date despite warning that a motion would follow. There was no further information provided on the September 30 video call regarding a timeline.

These shifting explanations highlight exactly why Rule 34 forbids indefinite "rolling productions" with no end date. Such practices defeat the Rule's purpose and leave parties unable to assess completeness, confer intelligently, or narrow disputes. Defendant's continued delay prejudices Plaintiff by preventing her from preparing for class certification, addressing consent defenses, or evaluating mediation. Without knowing the universe of documents, Plaintiff cannot determine whether early resolution is feasible, nor can she prosecute her claims efficiently.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel should be granted. Plaintiff requests that the Court order Defendant to complete its production of all documents responsive to Plaintiff's First Requests within seven (7) days of the Court's order.

Dated: September 30, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*