IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BULGART** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:24-cv-13306 |
| v. ) | |
| ) | Hon. Jeremy C. Daniel |
| **PRIME TIME WINDOW CLEANING, INC.,** ) | |
| ) | Magistrate Judge Maria Valdez |
| Defendant. ) | |
| ) | |

**JOINT STATUS REPORT**

In response to Dkt. No. 24, Plaintiff Barbara Bulgart ("Plaintiff") and Defendant Prime Time Window Cleaning, Inc. ("Defendant") (together, "the Parties") submit the following Joint Status Report:

1. On October 9, 2025, Defendant provided, by email, Supplemental Responses to Plaintiff's First Request to Produce, and documents PT-000061-PT-000270. Therein, Defendant stated that "Defendant has not identified and is not withholding additional responsive, non-privileged documents. Defendant's investigation is ongoing and Defendant will produce any additional responsive, non-privileged documents if such documents are identified."

2. However, Plaintiff maintains that Defendant's Responses are still deficient as explained below.

    a. Plaintiff maintains that Defendant's Responses to Requests 4, 8, 9, 10, 14, and 17 are deficient because documents concerning third-party vendors were not produced. Plaintiff believes that such documents exist because Defendant's prior declaration referenced third-party vendors.

1

      b.      Plaintiff maintains that Defendant's response to Request 5 is deficient because of the limited production of complaints and related correspondence regarding outbound call complaints.

      c.      Plaintiff maintains that Defendant's response to Request 5 is also deficient because communications and documents regarding the Internal Do-Not-Call ("DNC") list were not produced—whereas Request 5 seeks all complaints and related correspondence regarding outbound call complaints.

3.      On October 13, 2025, via video conference, the Parties met and conferred regarding the allegedly deficient production. Therein, the Parties explained their respective viewpoints and attempted, in good faith, to resolve the disagreement (or at least narrow the scope of the disagreement).

4.      The parties would ask that the Court continue the current status hearing for three weeks to allow the Defendant to further evaluate the new meet and confer correspondence now that a production is made. The parties do not believe they have a dispute on scope of the requests and the Defendant is going to use that time to investigate the existence of any documents and then supplement the production if any exist.

*[Counsel signature block to follow on next page.]*

Date: October 13, 2025

        Respectfully submitted,

        By: /s/ *Cassandra P. Miller*
        Cassandra P. Miller
        Samuel J. Strauss
        Andrew G. Gunem*
        **STRAUSS BORRELLI PLLC**
        980 N Michigan Ave.
        Suite 1610
        Chicago, IL 60611
        T: 872-263-1100
        F: 872-263-1109
        cmiller@straussborrelli.com
        sam@straussborrelli.com
        agunem@straussborrelli.com

        Anthony Paronich
        **PARONICH LAW, P.C.**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        T: 508-221-1510
        anthony@paronichlaw.com

        *Attorneys for Plaintiff and the Proposed Class*

Date: October 13, 2025

        Respectfully submitted,

        By: /s/ *David M. Adler*
        David M. Adler
        **ADLER LAW GROUP**
        320 W. Ohio St., Suite 3W
        Chicago, IL 60654
        T: (866) 734-2568
        david@adler-law.com

        *Attorney for Defendant*