IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BULGART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-13306 |
| v. | ) |
| | ) |
| **PRIME TIME WINDOW CLEANING, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO DISCOVERY INCLUDING THE PRODUCTION
OF CALLING DATA NECESSARY FOR CLASS CERTIFICATION AND TRIAL**

**INTRODUCTION**

Plaintiff moves under Rules 26 and 37 to compel complete responses central to Rule 23 and the merits including records of any telemarketing calls made. These materials are routinely compelled in TCPA class cases because they bear on numerosity, commonality, typicality, predominance and affirmative defenses at issue and should be produced.

**BACKGROUND AND MEET AND CONFER EFFORTS**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant initiated telemarketing calls promoting their services. Plaintiff alleges she had no relationship with Defendant and did not consent to receive telemarketing calls. See ECF No. 1, Complaint.

Consistent with Rule 26(f), the parties conferred and commenced discovery on both merits and class issues. Defendant's responses confirmed the existence of relevant documents and promised production. In an August 28, 2025 email, Defendant acknowledged responsive documents and promised to complete production "within the next two weeks." On September 11,

1

2025, Defendant admitted further delays due to "busy season." Plaintiff advised Defendant that a motion would be filed if the production was not completed by week's end. Defendant did not comply and the Plaintiff filed a motion to compel and the Defendant supplemented its discovery responses over several months, finishing that process in December of 2025.

To obtain further items related to class certification, the Plaintiff served Defendant with Plaintiff's Second Set of Requests for Production. Despite the passage of more than a month without any response, Defendant did not serve timely responses or objections to Plaintiff's Second Set. On December 3, 2025—while preparing the parties' joint status report—Plaintiff followed up in writing and noted that no responses had been received to the Second Set and that Plaintiff had attempted to call defense counsel to confer.

The following day, December 4, 2025, Defendant acknowledged the issue and requested additional time "until December 12, 2025 to respond" to Plaintiff's Second Set of Requests for Production. Defendant then served written Responses and Objections to Plaintiff's Second Set on December 12, 2025. Shortly thereafter, on December 16, 2025, Plaintiff requested that the parties meet and confer regarding the deficiencies in Defendant's responses. The parties coordinated availability and scheduled a conference for December 19, 2025, but defense counsel requested that the call be continued to the week of January 5 due to an unrelated filing and travel, and Plaintiff agreed as a professional courtesy. On December 18, 2025, Defendant served additional supplemental discovery responses. The parties then confirmed a meet-and-confer for January 5, 2026, to address the continuing deficiencies and the adequacy of Defendant's production in response to Plaintiff's Second Set.

Pursuant to L.R. 37.2 and Fed. R. Civ. P. 37(a)(1), counsel conferred in good faith by email and telephone, including a telephone call on January 5, 2026. Participants included Anthony Paronich for Plaintiff and David Adler for Defendant.

**LEGAL STANDARD**

Rule 26(b)(1) authorizes discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case; generalized assertions of burden or privacy do not suffice. See *DR Distributors, LLC v. 21 Century Smoking, Inc.,* 513 F. Supp. 3d 839, 956–58 (N.D. Ill. 2021). In a TCPA case, consent is an affirmative defense that the caller must prove. *Blow v. Bijora, Inc.,* 855 F.3d 793, 803 (7th Cir. 2017). Indeed, in a TCPA case class discovery essential to Rule 23 may not be withheld while contesting certification. *Whiteamire Clinic, P.A. v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013); *Ossola v. Am. Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015).

**ARGUMENT**

**I.     The Court Should Consider the Defendant's Failure to Timely Respond.**

As covered above, the requests were untimely. As such, other than privilege objections, the Court could determine that such objections be deemed to have waived any objections to the interrogatories and documents requests because of Defendant's failure to respond. With respect to written interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Regarding document requests, Federal Rule of Civil Procedure 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Generally, the failure to assert timely objections to document requests served pursuant to Rule 34

3

constitutes a waiver of those objections. The Court should give consideration to this issue as this is not the first dispute the parties have had with respect to the timing of the Defendant's responses. However, as discussed

### II. The Call Records Plaintiff seeks are highly relevant to contested elements of Rule 23 and Damages.

The request at issue relate to records that reflect that outbound calls that were made to putative class members ("Call Records"):

1. All call detail records, including but not limited to date, time, caller ID, and result, for all outbound calls placed by or on behalf of Defendant to any putative class member within the four years preceding the filing of this action, and all prerecorded messages used in connection with such calls.

OBJECTION. Prime Time objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case in seeking "all outbound calls" to "any putative class member" over a four year period, without identifying any specific numbers, persons, or any objective criteria for "putative class members." The request is vague and ambiguous as to "putative class member" and "all prerecorded messages," and seeks information not limited to Plaintiff, the claims or defenses in this case, or to any identified class definition. It also duplicates, in substantial part, Request No. 16 from Plaintiff's First Set of Requests, to which Prime Time has already responded and agreed to produce responsive call detail information for calls to Plaintiff.

*See* Exhibit 1. The Call Records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23, the calculation of class-wide damages.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the

4

same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"). Indeed, as Judge Schenkier previously held:

> Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality. As explained above, plaintiff proposes a class of persons who received faxed advertisements without a proper opt out notice, with whom Quill did not have an EBR, and from whom Quill did not have prior express permission or invitation to send such faxes (Compl. at ¶ 20). Plaintiff's requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.
>
> ***As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified***.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice").

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As the Northern District of Indiana has also explained:

> Courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.
>
> \* \* \*
>
> As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.
>
> For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10 (N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action) (internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons, Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

A few months ago, the Southern District of Indiana addressed a similar issue when granting a motion to compel calling data in a TCPA case:

> Defendant's arguments in its response to the motion to compel are, in large part, the same as those made in support of its motion to bifurcate. Those arguments—in essence, that Defendant should not be required to engage in what Defendant deems

6

> to be merits discovery before a class is certified—are rejected… the Court notes that no constitutional right to privacy would be implicated by Defendant producing the requested documents in this case. The non-parties may have a privacy interest in not having their private information disclosed, but given the "private information" at issue here—phone numbers and the fact that they received calls from Defendant—and the fact that the extent of the disclosure can be limited by the entry of a protective order, the Court, like the courts in both of the cases Defendant cites, finds that Plaintiff's right to conduct discovery in this case outweighs those particular privacy interests.

*Lewis v. Register.com, Inc.,* 2025 U.S. Dist. LEXIS 182245, *14 (S.D. Ind. September 16, 2025).

Also analogous, a Court in the Eastern District of Pennsylvania has held in a TCPA case while compelling the same data:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").
>
> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, that there is a single discovery period, the motion to compel should be granted here. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or her expert, will determine which calls qualify for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production. Because courts calculate damages under the TCPA based on the number of violations—in this case, the number of telemarketing calls delivered to class members during the class period—discovery is highly relevant to damages suffered by absent class members. For this additional reason, the Call Records Plaintiff seeks—which he will use to identify potential class members—are highly relevant and this Court should compel their production.

Indeed, the Defendant's objections to this request should be overruled or disregarded. Defendant objects to Plaintiff's request for call detail records and prerecorded message materials on the grounds that it is "overly broad," "unduly burdensome," "not proportional," "vague," and duplicative of Plaintiff's First Set. Those objections should be overruled.

8

The request seeks precisely the information that will establish the scope of Defendant's calling campaign and permit Plaintiff to identify members of the proposed class: call detail records reflecting outbound calls made by Defendant or on its behalf during the class period, along with any prerecorded messages used. Courts consistently compel this exact category of information in TCPA class actions because it bears directly on Rule 23 requirements and the merits, as discussed above. Defendant's contention that the request is improper because it seeks records relating to "any putative class member" is backwards: that is precisely what class discovery must accomplish—identifying the recipients of the challenged calls and quantifying the scope of the campaign. Courts have repeatedly rejected the argument that discovery should be limited to the named plaintiff's calls only, because doing so would allow defendants to contest class certification while preventing plaintiffs from obtaining the data necessary to prove it.

Defendant also objects that the request is vague because it does not identify specific phone numbers or persons and because "putative class member" is undefined. But Defendant ignores that the request is limited by objective criteria already present in the pleadings and Rule 23 discovery: (1) outbound calls made by Defendant or its vendors; (2) within the four years preceding filing; and (3) calls made in connection with Defendant's marketing campaign. These are objective and measurable criteria. Defendant's own call systems and vendor platforms necessarily track outbound calling activity through caller IDs, dialing logs, and associated campaign records. To the extent Defendant believes the request should be limited to a specific class definition, that is a meet-and-confer issue, not a basis to withhold the data entirely—especially where Defendant itself possesses the records necessary to define and confirm the scope of the calling campaign.

Moreover, Defendant's "vague" objection simply highlights why the data must be produced: the call detail records are the best evidence of who was called and how, and therefore the most efficient way to determine class membership. Courts routinely compel dial lists and call detail logs for that very purpose.

Defendant's burden and proportionality objections likewise fail because Defendant provides no concrete evidence of burden. Under Rule 26(b)(1), generalized assertions of burden do not suffice; a party resisting discovery must provide specific facts showing the nature and extent of the burden.

Defendant does not identify the systems used to place calls, the vendor(s) involved, the effort required to extract call logs, the volume of calls, or any estimated cost. It instead relies on boilerplate objections, which are insufficient—particularly where the records sought are ordinary business records routinely kept by dialing platforms and telemarketing vendors and where the data is central to the claims and defenses in the case. The party resisting a motion to compel bears the burden to show why a particular discovery request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). "The objecting party must show with specificity that the request is improper." *Id*. "[G]eneral assertions" of hardship will not suffice, *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990), nor will "reflexive invocation" of the "often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or [irrelevant.]" *Cunningham*, 255 F.R.D. at 478. Defendant's contentions would have more force if it had provided an estimate of the cost or hours involved in searching, compiling, and producing the requested information. *See, e.g., Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04-CV-477, 2007 U.S. Dist. LEXIS 29159, 2007 WL 1164970, at *4 (N.D. Ind. Apr.

10

18, 2007) (denying discovery on basis of affidavits demonstrating number of hours required to conduct search). Defendant, however, provided no affidavits or other evidence describing the monetary cost or time required to comply with Plaintiffs' requests; consequently it has not carried its burden. *See, e.g., Boyer v. Gildea*, No. 1:05-CV-129, 2008 U.S. Dist. LEXIS 92438, 2008 WL 4911267, at *5 (N.D. Ind. Nov. 13, 2008) (granting motion to compel where resisting party did not establish "the amount of time" or "the cost of producing" the documents)

      The proportionality factors also favor production. The discovery goes to the heart of class certification and damages. Defendant has superior access to the call data, and Plaintiff cannot obtain the records from any other source. Limiting discovery to Plaintiff's individual calls would frustrate Rule 23 discovery and effectively prevent Plaintiff from proving numerosity or damages. If Defendant has legitimate confidentiality concerns regarding third-party phone numbers or customer data, those concerns are addressed through a protective order, not by withholding discovery entirely.

      Finally, Defendant's claim that the request is duplicative of Plaintiff's First Set is incorrect. Defendant points to Request No. 16 from the First Set, but that request sought information specific to Plaintiff (including calls made to Plaintiff and dialing practices as applied to Plaintiff). Plaintiff's Second Set Request seeks broader, classwide call detail records and prerecorded message content to identify the scope of the challenged campaign and the putative class members impacted. Classwide call records are distinct from Plaintiff-specific call records, and courts have made clear that discovery necessary to establish Rule 23 requirements must be produced even where defendants dispute certification.

**CONCLUSION**

The Plaintiff's motion to compel should be granted.

Dated:  January 5, 2025                     /s/ *Anthony I. Paronich*
                                            Anthony I. Paronich
                                            PARONICH LAW, P.C.
                                            350 Lincoln Street, Suite 2400
                                            Hingham, MA 02043
                                            Tel: (617) 485-0018
                                            Fax: (508) 318-8100
                                            anthony@paronichlaw.com

                                            *Counsel for Plaintiff and the proposed class*