**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BARBARA BULGART,** individually and on behalf of all others similarly situated, | **CASE NO. 1:24-cv-13306** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| **PRIME TIME WINDOW CLEANING, INC.** | |
| Defendant. _____/ | |

**DEFENDANT'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed.R.Civ.P. Rule 34, Defendant, Prime Time Window Cleaning, Inc. ("Prime Time"), without waiving any objections previously stated, submits the following set of supplemental responses to Plaintiff Barabra Bulgart's ("Bulgart") Second Set of Requests for Production ("RFP"). Prime Time reserves its right to supplement these responses as additional information becomes available.

**General objections**

Prime Time incorporates by reference its General Responses and Objections served with its Responses and Objections to Plaintiff's First Set of Requests for Production ("First Set of Requests"), including its objections based on relevance, proportionality, attorney–client privilege, work product protection, confidentiality, overbreadth, vagueness, and undue burden. Those General Objections are asserted to the same extent and with the same force as if fully set forth in response to each of Plaintiff's Second Set of Requests below. Without waiving the forgoing objections, Defendant is not withholding any responsive documents on the ground of attorney–client privilege, work product protection, or confidentiality.

Prime Time further objects to each request to the extent it seeks documents already produced or identified in Prime Time's August 7, 2025 Responses and Objections to Plaintiff's First Set of Requests, and

1

the October 9, 2025 and November 7, 2025 Supplemental Responses, including documents Bates labeled PT 000001–000270 and PT 000271–000361. To avoid duplication, Prime Time will not reproduce those documents but will identify prior responses where appropriate.

Subject to and without waiving these General Objections, Prime Time responds as follows.

1. All call detail records, including but not limited to date, time, caller ID, and result, for all outbound calls placed by or on behalf of Defendant to any putative class member within the four years preceding the filing of this action, and all prerecorded messages used in connection with such calls.

**Objections:**

Prime Time objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case in seeking "all outbound calls" to "any putative class member" over a four year period, without identifying any specific numbers, persons, or any objective criteria for "putative class members." The request is vague and ambiguous as to "putative class member" and "all prerecorded messages," and seeks information not limited to Plaintiff, the claims or defenses in this case, or to any identified class definition. It also duplicates, in substantial part, Request No. 16 from Plaintiff's First Set of Requests, to which Prime Time has already responded and agreed to produce responsive call detail information for calls to Plaintiff.

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its response to Request No. 16 in Plaintiff's First Set of Requests for Production and its October 9 and November 7, 2025 Supplemental Responses, in which Prime Time identified and agreed to produce responsive call detail and related records concerning calls to Plaintiff, Bates labeled within PT 000001–000270 and PT 000271–000361, to the extent such documents exist. Prime Time will not undertake an additional,

class wide search for every putative class member's call records beyond what has already been or will be produced as reflected in those responses.

2. All documents and communications reflecting any internal do-not-call list maintained by Defendant, including any policies, procedures, training materials, or logs showing when numbers were added to or removed from the list.

**Objections:**

Prime Time objects that this request is overly broad as to time and scope in seeking "all" documents and communications relating to any internal do not call list, and is not limited to Plaintiff or to the time period reasonably at issue in this lawsuit. To the extent it seeks confidential business information and internal practices not relevant to Plaintiff or the claims and defenses in this case, Prime Time objects on relevance and proportionality grounds.

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its responses to Request No. 15 in Plaintiff's First Set of Requests and its supplemental responses, in which Prime Time agreed to produce responsive documents related to policies and procedures for TCPA and internal do not call compliance, including relevant policy documents within PT 000001–000270 and PT 000271–000361. To the extent additional responsive documents specifically reflecting Plaintiff's number on any internal do not call list or logs exist and have not already been produced under those earlier responses, Prime Time will identify and produce them.

3. All documents sufficient to show Defendant's written policies and procedures for compliance with the TCPA and 47 C.F.R. § 64.1200, including policies relating to (a) prerecorded calls, (b) maintaining an internal do-not-call list, (c) honoring opt-out requests, and (d) training personnel engaged in telemarketing.

**Objections:**

Prime Time objects to the extent this request is duplicative of Request No. 15 in Plaintiff's First Set of Requests, which already seeks "all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder." Prime Time further objects to the extent the request seeks documents beyond what is proportional, but acknowledges that "documents sufficient to show" written policies may be satisfied by a limited policy set rather than every historical draft.

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its response to Request No. 15 in the First Set of Requests, where it stated that responsive, responsive TCPA policy and procedure documents have been identified and will be produced. Such documents are or will be included within Bates ranges PT 000001–000270 and PT 000271–000361. Prime Time will treat this Second Set request as satisfied by that production of "documents sufficient to show" its current and operative policies and procedures.

4. All training materials provided to employees or vendors regarding compliance with the TCPA, the National Do Not Call Registry, and the maintenance of internal do-not-call procedures.

**Objections:**

Prime Time objects that this request is overly broad in seeking "all" training materials provided to "employees or vendors" without any temporal limitation and without restriction to the time period relevant to Plaintiff's claims. Prime Time objects to the extent the request is duplicative of Request No. 15 from the First Set of Requests, to the extent that request already encompasses policy and compliance training materials.

**Response:**

Subject to and without waiving these objections, Prime Time will search for responsive, reasonably available training materials relating to TCPA, National Do Not Call compliance, and internal do not call list procedures that were in effect during the time period of the calls alleged in the

4

First Amended Complaint, and will produce documents sufficient to show such training materials, if not already contained in the production referenced in response to Request No. 15. To the extent such materials have already been produced within PT 000001–000270 or PT 000271–000361, Prime Time refers Plaintiff to those Bates ranges in satisfaction of this request.

5. All documents and communications relating to Plaintiff's requests to be placed on Defendant's do-not-call list, including any internal notes, correspondence, or follow-up actions.

**Objections:**

Prime Time objects that this request is vague as to "requests," but understands Plaintiff to refer to alleged oral requests during calls and any online or written complaints identified in the First Amended Complaint.

**Response:**

Subject to and without waiving these objections, Prime Time will produce responsive documents, if any, that reflect Plaintiff's requests to be placed on Defendant's internal do not call list and any internal notes or communications regarding such requests, to the extent not already produced in response to Requests Nos. 3, 5, 6, 11, 12, and 16 from the First Set and the October and November 2025 supplements. To the extent these documents are already contained within PT 000001–000270 and PT 000271–000361, Prime Time refers Plaintiff to those Bates ranges and will identify Plaintiff specific documents in its production log or cover letter.

6. All contracts, agreements, or other arrangements with any third party that provided Plaintiff's telephone number or any putative class member's number to Defendant.

**Objections:**

Prime Time objects that this request is overly broad and not proportional insofar as it seeks contracts concerning "any putative class member's number" and is not limited to Plaintiff or to the vendors identified in the pleadings. It is duplicative of Requests Nos. 6, 7, 8, 9, 11, and 12 from the

5

First Set, which already sought contracts and communications with any vendor or third party that provided Plaintiff's number or dialed calls to Plaintiff.

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its responses to Requests Nos. 6, 7, 8, 9, 11, and 12 in the First Set of RFPs, where Prime Time either identified responsive documents (including PT 000001–000060 and PT 000055–000060) or stated that no responsive documents had been identified. Prime Time will produce, or has produced, responsive contracts or agreements with any vendor that provided Plaintiff's number, as reflected in those responses and in the Bates ranges already identified. Prime Time will not undertake an additional class wide vendor search beyond what has already been addressed in those responses.

7. All contracts, agreements, or other arrangements with any third party that placed telemarketing calls on behalf of Defendant.

**Objections:**

Prime Time objects that this request is duplicative of Requests Nos. 8, 9, 10, and 14 in the First Set, which already sought contracts and communications with third parties that dialed calls to Plaintiff or may bear indemnity responsibility. Prime Time also objects to the extent the request is not limited to Plaintiff or the time period at issue and is disproportionate to the needs of the case.

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its responses to Requests Nos. 8, 9, 10, and 14 in the First Set, where Prime Time stated that it had not identified any documents responsive to Requests Nos. 8, 9, 10, or 14, and is not withholding any otherwise responsive documents. To the extent any responsive contract or arrangement is later identified that relates to telemarketing calls on behalf of Prime Time to Plaintiff, Prime Time will supplement consistent with Rule 26(e).

8. All complaints, whether internal, external, or received through regulators, the Better Business Bureau, or consumer review platforms, relating to Defendant's telemarketing calls from 2020 to the present, including any responses or internal investigation notes.

**Objections:**

Prime Time objects that this request is overly broad, unduly burdensome, and not proportional, as it seeks "all complaints" across all channels nationwide over a five year period, regardless of whether the complainant is a putative class member, and regardless of whether the complaint concerns the same practices or time frame alleged by Plaintiff.

**Response:**

Subject to and without waiving these objections, Prime Time will produce responsive documents sufficient to show any written complaint made by Plaintiff to the Better Business Bureau, Google, or similar platforms regarding alleged telemarketing calls by Prime Time, to the extent such documents are within Prime Time's possession and not already produced within PT 000001–000270 and PT 000271–000361. Prime Time will not undertake an open ended search for all complaints nationwide from 2020 to the present.

9. All documents and communications with any insurer concerning coverage for the claims alleged in this lawsuit, including any reservation of rights letters or denial letters.

**Objections:**

Prime Time objects that this request seeks documents protected by the attorney–client privilege and work product doctrine, as communications with insurers and coverage counsel may reveal mental impressions, strategy, or legal advice regarding this litigation. Prime Time further objects that this request is duplicative of Request No. 13 from the First Set, which already sought "all documents relating to insurance coverage of the acts alleged by Plaintiff, including all potentially applicable policies and communications with any such insurers."

7

**Response:**

Subject to and without waiving these objections, Prime Time refers Plaintiff to its response to Request No. 13 from the First Set, in which it stated that responsive, responsive documents had been identified and would be produced. To the extent Prime Time has produced or will produce insurance policies and responsive insurer communications in response to Request No. 13, it treats this Second Set request as duplicative and satisfied by that production.

10. All documents sufficient to identify the telephone numbers Defendant used to place outbound telemarketing calls during the four years preceding the filing of this action.

**Objections:**

Prime Time objects that this request is overly broad and not proportional to the needs of the case, as it seeks identification of every telephone number used for outbound "telemarketing calls" over a four year period, without limitation to calls to Plaintiff or to the alleged class definitions. The request is duplicative of Request No. 16 from the First Set to the extent that request already seeks detailed call records for calls to Plaintiff.

**Response:**

Subject to and without waiving these objections, Prime Time is willing to produce responsive documents sufficient to identify the telephone number(s) used to place the calls to Plaintiff alleged in the First Amended Complaint, to the extent such information is not already contained in the call detail records or other documents produced or identified in response to the First Set of RFPs and the October 9 and November 7, 2025 supplements. Prime Time will not provide a comprehensive list of every telemarketing number used nationwide over a four year period.

Dated: December 12, 2025

                                                Respectfully submitted,

                                                [s] /David M. Adler/
                                                David M. Adler (Lead Trial Attorney)
                                                ILL Bar No. 6242403
                                                Adler Law Group
                                                320 W. Ohio St., Suite 3W
                                                Chicago, IL 60654
                                                T: (866) 734-2568
                                                David@adler-law.com
                                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on December 12, 2025, a copy of the foregoing Supplemental Responses to Plaintiff's First Set of Requests for Production, was served via electronic mail to the following parties:

    Anthony Paronich (Lead Trial Attorney)
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    T: 508-221-1510
    anthony@paronichlaw.com

    Cassandra P. Miller
    Samuel J. Strauss
    Andrew G. Gunem
    Strauss Borrelli PLLC
    980 N Michigan Ave.
    Suite 1610
    Chicago, IL 60611
    T: 872-263-1100
    F: 872-263-1109
    cmiller@straussborrelli.com
    tcpa@straussborrelli.com
    *Attorneys for Plaintiff*

                                                [s] /David M. Adler/
                                                David M. Adler