# adler/law

320 West Ohio St. Suite 3W
Chicago, IL 60654
Toll Free (866) 734-2568
david@adler-law.com
www.adler-law.com

Licensed in Illinois & New York

January 23, 2026

VIA EMAIL

Cassandra P. Miller
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
cmiller@straussborrelli.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Re: *Barbara Bulgart v. Prime Time Window Cleaning, Inc.*, No. 1:24-cv-13306 (N.D. Ill.)

Counsel:

I am writing on behalf of Defendant, Prime Time Window Cleaning, Inc. ("Prime Time"), in the above-referenced matter. Upon reviewing Plaintiff's responses to Defendant's discovery requests, and in light of the allegations in the First Amended Complaint ("Complaint"), we believe that the Complaint lacks factual or legal merit. Accordingly, Defendant respectfully requests that you withdraw the Complaint, or dismiss the allegations against Prime Time, before Defendant incurs additional unnecessary litigation costs. I am writing now to provide an opportunity for you to avoid sanctions under Federal Rule of Civil Procedure ("Rule") 11.

As you may know, Rule 11(b) provides that, by presenting a pleading, written motion, or other paper, an attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Rule 11(c)(2), this letter constitutes formal notice of Plaintiff's conduct in violation of Rule 11(b), including Plaintiff's total failure to provide evidentiary support for its key allegations, many of which were alleged "on information and belief." *See Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (holding that defendants have "complied substantially" with Rule 11(c)(2) by sending a Rule 11 letter or demand, such that defendants "are entitled to a decision on the merits of their request for sanctions under Rule 11"); *Northern Illinois Telecom, Inc. v. Riffner*, 850 F.3d 880, 888 (7th Cir. 2017) (recognizing that "*Nisenbaum* remains controlling circuit law on this point").

Specifically, now that the parties have had an opportunity to conduct some discovery, it has become abundantly clear that Plaintiff lacks any evidence in support of the following allegations of the Complaint. Indeed, it appears that Plaintiff lacked this evidentiary support at the time Plaintiff filed its initial Complaint.

1. **Failure to Provide Evidentiary Support for Key Factual Allegations:**

Plaintiff has failed to produce any documents or information in support of the following allegations:

Paragraph 21 of the Complaint alleges Plaintiff received five or more telephone solicitations from Defendant. Although Plaintiff provided cellular telephone records, Plaintiff has not identified any calls that support this allegation. (PL-BULGART_000076-PL-BULGART_000681)

Paragraph 22 of the Complaint alleges Plaintiff had no prior knowledge of being a customer of Defendant. Attached to this letter are Defendant's Third Supplemental Responses, which include two invoices representing services received by Plaintiff from Defendant on two separate dates, November 18, 2010 and again on April 14–15, 2014.

Paragraph 27 of the Complaint alleges that, on or about September 26, 2024, Plaintiff received a telemarketing voicemail on her cellular telephone, 847-345-XXXX, from Defendant. Paragraph 28 of the Complaint alleges the call came from the number 630-504-7763. However, no such call from that phone number appears in the documents produced. (PL-BULGART_000076-PL-BULGART_000681)

Paragraph 30 of the Complaint alleges the existence and content of the alleged message. Plaintiff has not produced an audio recording of this message. Instead, Plaintiff implies that the image produced as (PL-BULGART_000001) (the "Image") is somehow evidence of the existence and content of the message. While the Image contains text, the image itself is not evidence of a voicemail recording, the contents of the recording, or any attributes of the recording. There also is no way to identify the phone number that received the voicemail for which the transcript is allegedly produced. (PL-BULGART_000001)

2

Paragraphs 31, 32 and 33 of the Complaint allege that Plaintiff received another voicemail from Defendant on or around October 11, 2024, from the number 630-504-7763 that was allegedly identical to the voicemail on or about September 26, 2024. However, no such call from that phone number appears in the documents produced. (PL-BULGART_000076-PL-BULGART_000681)

Paragraph 34 of the Complaint alleges that the telemarking voicemail possessed several specific attributes, and "were clearly pre-recorded because (a) the recordings are identical in tone, voice, and cadence; (b) the robot has a mono-tone voice; (c) the message was impersonal and did not identify Plaintiff or any specific recipient and (d) the voicemail abruptly cuts off at the end."

This allegation, however, is not supported by an actual audio recording, the existence of which is implied by the allegations in Paragraph 34 of the Complaint, nor by any of the evidence produced by Plaintiff which Plaintiff certifies is complete after a diligent and thorough search.

2. **Failure to Provide Evidentiary Support for Underlying Class Allegations.**

The documents produced by Plaintiff also fail to support the underlying class allegations. A majority of the documents predate Plaintiff's alleged four-year window. Of those documents within the applicable time period, there are no documents supporting the allegations that such persons are individuals who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one telemarketing call within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services; (4) to said person's residential telephone number.

In addition, Paragraph 40 of the Complaint alleges that "other individuals have received unwanted telephone solicitations from Defendant," and includes two (2) images purportedly identifying two (2) anonymous online third-party statements. While the images contain text, the first image makes no refence to Defendant, and neither image is itself evidence that: (1) persons were sent more than one telemarketing call within any 12-month period; (2) persons' telephone numbers had been listed on the National Do Not Call Registry for at least thirty days; (3) Defendant's property, goods, and/or services were involved; (4) persons received unwanted solicitations to their residential telephone numbers.

Furthermore, Plaintiff has not produced any evidence to authenticate or identify the anonymous users nor to establish personal knowledge of the facts asserted. The "posts" themselves are inadmissible as hearsay because they would be offered to prove the truth of the matter asserted.

The documents produced by Plaintiff also fail to support the class allegations related to the issue of numerosity. Paragraph 46 of the Complaint, the sole allegation regarding numerosity, alleges "… there are at least 50 individuals that fall within the class definitions <u>given Defendant's use of robotexts to solicit consumers</u> and refusal to honor stop requests." [Emphasis Supplied]

Plaintiff has not produced any evidence that Defendant used robotexts, that Plaintiff received robotexts, or that any third party received robotexts. (PL-BULGART_000076-PL-BULGART_000681)

3

The foregoing deficiencies in Plaintiff's evidence unequivocally demonstrate that the Complaint lacks factual and legal merit, and we respectfully request that you withdraw the Complaint, or dismiss the allegations against Prime Time, within the next twenty-one (21) days in accordance with Rule 11(c)(2). Defendant reserves all rights to seek further relief from the Court.

Sincerely,

David M. Adler