IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA BULGART,<br><br>    Plaintiff,<br><br> v.<br><br>PRIME TIME WINDOW<br>CLEANING, INC.,<br><br>    Defendant. | No. 1:24-cv-13306<br><br>Honorable Judge Jeremy C. Daniel<br><br>Honorable Magistrate Judge Maria Valdez |

**JOINT MOTION TO RESCHEDULE MARCH 4, 2026
STATUS HEARING AND TO EXTEND
CLASS CERTIFICATION DEADLINES**

  Plaintiff Barbara Bulgart ("Plaintiff") and Defendant Prime Time Window Cleaning, Inc. ("Defendant") (together, the "Parties"), by and through their undersigned counsel, respectfully move the Court to (1) continue the March 4, 2026 status hearing to a later date, and (2) modify the existing class certification deadlines pursuant to Fed. R. Civ. P. 16(b)(4), with revised dates to be set at the continued status hearing based on the status of Defendant's compliance with the Court's February 11, 2026 Order. In support, the Parties state as follows:

**Background**

  1. On August 5, 2025, this Court entered an order adopting the Parties' agreed discovery schedule. (Dkt. No. 22) Pursuant to that Order, Plaintiff's motion for class certification and expert disclosures are due March 19, 2026, Defendant's opposition and expert disclosures are due May 18, 2026, Plaintiff's reply is due July 17, 2026, and any Daubert motions regarding class certification experts are due August 31, 2026. *Id*. This Court further ordered that the fact discovery deadline will be set after a ruling on class certification. *Id*.

1

2. On February 11, 2026, the Court held a hearing and granted Plaintiff's Motion to Compel in part for the reasons stated in open court. (Dkt. No. 40) The Court set a status hearing regarding any remaining class discovery for March 4, 2026, and directed the Parties to continue meeting and conferring in the interim.

**Good Cause Under Rule 16(b)(4)**

3. Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only for good cause and with the Court's consent. Good cause requires a showing of diligence. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Good cause exists where, despite the movant's diligent efforts, the existing deadline cannot reasonably be met.

4. Here, the need to adjust the schedule arises directly from the Court's February 11, 2026 Order partially granting Plaintiff's Motion to Compel and directing production of additional class-wide dialing and campaign data. (Dkt. No. 40) The discovery compelled by the Court was not previously in Plaintiff's possession and could not have been completed earlier despite diligent written discovery, motion practice, and repeated Rule 37 meet and confer conferences.

5. The requested extension is not based on scheduling conflicts, competing obligations vacations, holidays, illnesses, or difficulty scheduling depositions. Rather, it is necessary to permit Defendant sufficient time to comply fully with the Court's February 11, 2026 Order, including the technical process required to retrieve responsive data from multiple third-party platforms, and to allow Plaintiff adequate time to review and analyze that production and prepare her class certification motion based on the compelled information.

6. Specifically, on January 5, 2026, Plaintiff filed a Motion to Compel seeking class-wide call detail records, prerecorded message data, and related class-certification discovery necessary to support Rule 23 certification and damages.

2

7. Following briefing, the Court held a hearing on February 11, 2026, granted Plaintiff's Motion to Compel in part, and set a further status hearing regarding remaining class discovery issues for March 4, 2026. The Court also ordered the Parties to continue meeting and conferring on outstanding disputes.

**Ongoing Compliance Efforts**

8. Since the February 11, 2026 hearing, the Parties have acted diligently to implement the Court's Order. Within days of the ruling, counsel conferred regarding the technical sources of responsive dialing and prerecorded message data and the most efficient method of retrieving that information.

9. On February 24, 2026, counsel conducted a detailed Rule 37 conference during which defense counsel confirmed that responsive data may reside across three separate platforms—Birdeye, Hatch, and Defendant's telephone service provider—covering the relevant period.

10. Because Defendant does not maintain consolidated historical exports of this data internally, the Parties agreed that subpoenas to these third-party platforms are the most reliable and efficient means of obtaining the compelled records. Defendant has agreed to issue those subpoenas promptly in furtherance of compliance with the Court's Order, and Plaintiff's counsel will review them upon issuance.

11. The subpoena process necessarily requires time for issuance, service, response, and production by third parties who are not before the Court. Even with prompt service, compliance cannot reasonably be completed before the current March 19, 2026 class certification deadline.

12. The Parties agreed that subpoenas to these third-party platforms are the most efficient and reliable means of obtaining the relevant campaign and call data. Defendant has agreed

3

to issue those subpoenas in furtherance of compliance with the Court's Order, and Plaintiff's counsel will review them once issued.

13. The March 19, 2026 class certification deadline will arrive before the compelled class-wide data can be obtained and analyzed, despite the Parties' diligent efforts to implement the Court's Order. Without a brief extension, Plaintiff would be required to move for class certification without the discovery the Court has already determined should be produced.

**Need to Reschedule Status Hearing and Extend Class Certification Deadlines**

14. The March 4, 2026 status hearing was set to address remaining class discovery issues. Given that third-party subpoenas are being issued and responsive records have not yet been received, a brief continuance is necessary to allow the subpoena process to proceed and to permit the Parties to provide the Court with a substantive update regarding compliance with the February 11, 2026 Order, rather than an incomplete report before third-party responses are received.

15. Similarly, the current March 19, 2026 class certification deadline will occur before completion of the discovery compelled by the Court. Because the ordered discovery goes directly to numerosity, commonality, predominance, and the scope of the putative classes, the Parties respectfully request that the class certification deadlines be extended and reset at the continued status hearing, after the Parties are able to report on Defendant's compliance with the February 11, 2026 Order and the status of third-party subpoena responses.

16. Resetting the deadlines after the Court receives an updated report will ensure that class certification briefing proceeds on a complete Rule 23 record reflecting compliance with the February 11, 2026 Order, and will prevent premature filings necessitated by outstanding third-party production beyond the Parties' control.

17. The Parties respectfully request that the March 4, 2026 status hearing be continued to one of the proposed dates identified above, or to such other date as the Court deems appropriate.

WHEREFORE, WHEREFORE, the Parties respectfully request that the Court modify the existing class certification deadlines pursuant to Fed. R. Civ. P. 16(b)(4) for good cause shown, and reset those deadlines at the continued status hearing based on the status of Defendant's compliance with the February 11, 2026 Order and receipt of third-party subpoena responses. Specifically, the Parties request that the Court:

(1) Continue the March 4, 2026 status hearing to a later date;

(2) Extend the current class certification deadlines; and

(3) Reset the class certification schedule at the continued status hearing based on the status of Defendant's compliance with the February 11, 2026 Order.

*[Counsel signatures to follow on next page.]*

Date: February 26, 2026

        Respectfully submitted,

        By: /s/ *Anthony Paronich*
        Anthony Paronich
        **PARONICH LAW, P.C.**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        T: 508-221-1510
        anthony@paronichlaw.com

        By: */s/ Cassandra P. Miller*
        Cassandra P. Miller
        Samuel J. Strauss
        Andrew G. Gunem*
        **STRAUSS BORRELLI PLLC**
        980 N Michigan Ave.
        Suite 1610
        Chicago, IL 60611
        T: 872-263-1100
        F: 872-263-1109
        cmiller@straussborrelli.com
        sam@straussborrelli.com
        agunem@straussborrelli.com

        *Attorneys for Plaintiff and the Proposed Class*

Date: February 26, 2026

        Respectfully submitted,

        By: /s/ *David M. Adler*
        David M. Adler
        ILL Bar No. 6242403
        **Adler Law Group**
        320 W. Ohio St., Suite 3W
        Chicago, IL 60654
        T: (866) 734-2568
        david@adler-law.com

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I, Cassandra P. Miller, hereby certify that on February 26, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

      DATED this 26th day of February, 2026.

      Respectfully submitted,

      By: */s/ Cassandra P. Miller*
      Cassandra P. Miller
      **STRAUSS BORRELLI PLLC**
      980 N Michigan Ave.
      Suite 1610
      Chicago, IL 60611
      T: 872-263-1100
      F: 872-263-1109
      cmiller@straussborrelli.com