AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BARBARA BULGART** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 1:24-cv-13306 |
| **v.** | ) |
| | ) Hon. Jeremy C. Daniel |
| **Prime Time Window Cleaning, Inc.,** | ) |
| | ) Magistrate Judge Maria Valdez |
| **Defendant.** | ) |
| | ) |

**DEFEDANT'S NOTICE OF SUBPOENAS TO
PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

**<u>Schedule A</u>**

**Definitions**
1. "Action" means the lawsuit **BARBARA BULGART v. PRIME TIME WINDOW CLEANING, INC.** ("Prime Time"), Case No. 1:24-cv-13306, pending in the United States District Court for the Northern District of Illinois.
2. "You" means Angie's List, Inc., d/b/a "Angi," its parent companies, subsidiaries, affiliates, predecessors, successors, officers, employees, agents, and anyone acting on its behalf.
3. "Subject Consumer(s)" means **Barbara Bulgart**, telephone Number(s): **847-345-2254** and **847-970-7512**, whose contact information was provided to Prime Time at any time, and all person(s) identified by name, telephone number, and/or email address, whose contact information was provided to Prime Time during the period from January 1, 2023 to present ("Relevant Date Range").
4. "Lead" means any consumer record, inquiry, or data set that includes a telephone number and was sold, licensed, transmitted, or otherwise provided by You to Prime Time or any intermediary, for marketing, sales, or solicitation purposes.
5. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. 227, and all implementing regulations and FCC orders.

**Document Requests**
1. **Lead files for Subject Consumer(s)**: All documents and ESI constituting the complete lead file for each Subject Consumer, including:
    o Full data record(s) transmitted to Prime Time or any intermediary,
    o All associated fields (name, address, email, phone number, lead source, campaign, sub-ID, tracking parameters),
    o Date and time the lead was generated,
    o Date and time the lead was sold or transmitted to Prime Time or any intermediary.
2. **Consent evidence and form submissions**: All documents and ESI reflecting how each Subject Consumer's consent to receive calls was obtained, including:
    o Webform or landing-page submissions,

1

- o Screen captures/PDFs of the form as it appeared at the time of submission,
- o The **exact consent language** and disclosures shown, including any reference to autodialers, prerecorded voice, text messages, TCPA, and the identified seller(s),
- o Timestamps, IP address, user-agent, device type, and URL for each consent event.

3. **Prior express written consent documentation**: All documents and ESI that You contend demonstrate "prior express written consent" (as defined by the FCC and TCPA) for calls or texts to each Subject Consumer on behalf of Prime Time, including:
   - o Electronic signature records,
   - o Click-wrap or check-box logs,
   - o Any consent certificates from third-party verification services.

4. **Consent revocation and complaints**: All documents and ESI reflecting any revocation of consent, opt-out, "stop" request, do-not-call request, complaint, or inquiry by any Subject Consumer concerning calls or texts made as a result of leads You sold or provided to Prime Time or its agents.

5. **Lead source and routing information**: Documents and ESI sufficient to show:
   - o The specific website(s), landing page(s), or publisher(s) where each Subject Consumer's information was collected,
   - o Any intermediaries, aggregators, or sub-affiliates that supplied the Subject Consumer's data to You, and
   - o All entities to whom You provided or resold each Subject Consumer's lead, including Prime Time.

6. **Agreements with Prime Time and relevant intermediaries**: All contracts, insertion orders, IO addenda, data-processing agreements, or other agreements in effect during the relevant period between You and Prime Time, and any other intermediary through which Subject Consumer leads were delivered to Prime Time, to the extent they address TCPA compliance, consent requirements, lead verification, or calling/texting practices.

7. **Policies and procedures regarding TCPA and leads**: Documents sufficient to show Your written policies and procedures in effect during the relevant period concerning:
   - o Collection and documentation of TCPA consent,
   - o Lead qualification and acceptance criteria (including proof of consent requirements),
   - o Use of verification tools,
   - o Handling of revocation/opt-out and do-not-call requests.

8. **Call/text campaign identifiers**: Documents and ESI sufficient to identify all campaign IDs, vendor IDs, or tracking parameters associated with leads for Subject Consumer(s) provided to Prime Time, including mapping tables that tie those IDs to particular websites, publishers, or campaigns.

9. **Data retention and deletion**: Documents sufficient to describe Your data retention and deletion policies as they relate to:
   - o Lead records,
   - o Consent evidence (form snapshots, logs),
   - o Third-party verification certificates, during the period when the Subject Consumer leads were generated and provided to Prime Time.

10. **Non-existence or loss of responsive documents**: To the extent any responsive documents or ESI once existed but no longer do, documents sufficient to show:
    - o What categories of information were lost,
    - o When and how they were lost or destroyed,
    - o The policy or event that caused the loss.

2

**Instructions and ESI Protocol (Short Form)**

1. Produce ESI in native format where practicable (e.g., .csv, .xls(x), .txt, .json), with metadata preserved (including timestamps, IP address, URL, user-agent, internal IDs, and campaign fields), or in reasonably usable form.
2. For database exports, provide a data dictionary or field-level description sufficient to interpret column names and codes.
3. If You contend any request is overbroad, unduly burdensome, or implicates privileged information, produce all non-objected portions and state the basis for objection in writing.
4. This subpoena is continuing in nature, and You must supplement or correct your production as additional responsive information becomes known.
5. Complete the attached certification of business records form. This certification must be signed by a records custodian from your office and notarized by a notary public.

3

## CERTIFICATION OF BUSINESS RECORD
## PURSUANT TO FRE 803(6), and 902(11).

_____, being duly sworn, deposes and says:

1.      I am the duly authorized custodian of records maintained by Angi and have the authority to make this certification.

2.      To the best of my knowledge, after reasonable inquiry, the records or copies thereof that are produced herewith are accurate versions of the documents described in the subpoena duces tecum that are in the possession, custody, or control of Angi.

3.      To the best of my knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in the subpoena duces tecum.

4.      To the best of my knowledge, after reasonable inquiry, the records or copies produced are made by, or from information transmitted by, a person with knowledge.

5.      The records or copies produced were made by the personnel or staff of the business, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence, or event recorded therein, or within a reasonable time thereafter, and that it was the regular practice of the business to make such records.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
SIGNATURE

Sworn to before me this
_____day of _____, 2026.

_____
Notary Public

4