**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO**

| | |
|---|---|
| BARBARA BULGART, on behalf of herself and all others similarly situated, | No. 1:24-cv-13306 |
| Plaintiff, | Honorable District Judge Jeremy C. Daniel |
| v. | |
| PRIME TIME WINDOW CLEANING, INC., | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
WITHDRAW AS COUNSEL FOR PRIME TIME WINDOW CLEANING, INC.**

Plaintiff, Barabara Bulgart ("Ms. Bulgart"), files this Opposition to Motion to Withdraw as Counsel for Defendant Prime Time Window Cleaning, Inc., ("Prime Time Window") (the "Motion") and states as follows:

**LEGAL ARGUMENT**

The Plaintiff does <u>not</u> oppose the Motion if Prime Time Window intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7).

Here, even assuming Prime Time Window can establish good cause for withdrawal, withdrawal should be denied or strictly conditioned because it would materially prejudice Plaintiff by disrupting ongoing class discovery, delaying compliance with the Court's existing discovery-

1

management orders, and creating substantial uncertainty regarding Defendant's continued participation in discovery at a critical stage of the case. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties—who might have more to lose than the unpaid lawyer—is another potential ground for denying a motion to withdraw." *Id*. As discussed below, Defendant has repeatedly represented to Plaintiff and the Court that additional third-party discovery remained necessary to complete class discovery, and Plaintiff should not be prejudiced by the abandonment of those efforts or the disruption of the Court's discovery schedule.

If Prime Time Window does not intend to engage new counsel and defend the case, Prime Time Window would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Prime Time

2

Window a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive— prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). If current counsel withdraws and is not replaced and Prime Time Window defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Ms. Bulgart will

be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Prime Time Window.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Ms. Bulgart and the members of the putative class.

The prejudice to Plaintiff is not hypothetical. It is already occurring, and it stems directly from the procedural posture of this case and Defendant's ongoing failure to complete the discovery process that it repeatedly represented to both Plaintiff and the Court remained necessary.

Since at least March 2026, the parties have repeatedly advised the Court that class discovery could not be completed because Defendant was pursuing discovery from third parties. Based upon those representations, the Court continued class-certification deadlines and required successive status reports regarding Defendant's efforts to obtain the outstanding information. On March 27, 2026, the parties reported that certain third-party responses remained outstanding. The parties thereafter filed additional status reports on April 10, 2026, and May 15, 2026, each advising that efforts to obtain third-party discovery were continuing. In response, the Court repeatedly extended the reporting process and, on May 15, 2026, ordered the parties to file a further status report regarding the status of third-party discovery no later than June 26, 2026.

4

Defendant's representations were not merely historical. As recently as June 5, 2026, Defendant filed proof of service reflecting continued efforts to obtain discovery from Angi. Then, on June 18, 2026, Plaintiff contacted Defendant's counsel regarding the upcoming Court-ordered status report and stated: "We had assumed you'd be preparing a status report to let the Court know where your client is on complying with the class discovery, please let us know if that's not the case." Defendant did not indicate that the discovery efforts described in the parties' prior reports had ceased, nor did Defendant advise that it would be unable to comply with its upcoming reporting obligations. Four days later, Defendant filed the present Motion seeking leave to withdraw.

These circumstances create immediate and concrete prejudice. The Court's management of class discovery has been based upon Defendant's repeated representations that additional third-party discovery remained necessary and was actively being pursued. Yet Defendant now seeks withdrawal without identifying substitute counsel and without explaining whether the discovery efforts described in the parties' status reports will continue, whether responsive materials remain outstanding, whether Defendant intends to comply with its discovery obligations, or how the parties can proceed toward completion of class discovery and establishment of a class-certification schedule.

The risk of prejudice is particularly acute because Defendant is a corporation and cannot litigate this action without counsel. If withdrawal is granted without replacement counsel appearing, Plaintiff will be left without any meaningful mechanism to complete the discovery process that has already delayed class-certification proceedings for several months. Defendant should not be permitted to obtain the benefit of repeated extensions based upon ongoing discovery

5

efforts and then effectively abandon the process at the moment the Court has required a further accounting of those efforts.

Accordingly, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel by a date certain, or at minimum, that withdrawal not become effective until Defendant complies with its outstanding discovery and reporting obligations, including the status report ordered by the Court and any remaining discovery efforts identified in the parties' prior status reports.

Defendant's own Motion asserts that withdrawal "will not prejudice the Client or unduly delay the administration of justice, as discovery is currently ongoing and no trial date has been set." But the reason discovery remains ongoing is because Defendant repeatedly represented to Plaintiff and the Court that additional third-party discovery remained outstanding and necessary to complete class discovery. Having obtained multiple extensions and continuances while pursuing that discovery, Defendant should not now be permitted to withdraw without safeguards that ensure the discovery process will continue and that the Court's existing orders will be satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiff does not oppose the Motion if Defendant promptly retains substitute counsel and replacement counsel enters an appearance before withdrawal becomes effective. However, if the Court is inclined to permit withdrawal, Plaintiff respectfully requests that any withdrawal be conditioned to avoid prejudice and disruption of the Court's discovery-management process, including by requiring substitute counsel to appear by a date certain and by delaying the effectiveness of withdrawal until Defendant complies with its outstanding discovery and reporting obligations, including the Court-ordered status report concerning third-party discovery. Plaintiff further requests such other and further relief as the

Court deems just and proper.

RESPECTFULLY SUBMITTED on June 24, 2026.

By: */s/ Cassandra P. Miller*
Cassandra P. Miller
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
T: 872-263-1100
F: 872-263-1109
cmiller@straussborrelli.com
sam@straussborrelli.com

By: */s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 508-221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Cassandra P. Miller, hereby certify that on June 24, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 24th day of June, 2026.

Respectfully submitted,

By: */s/ Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
T: 872-263-1100
F: 872-263-1109
cmiller@straussborrelli.com

8